### XIN WEN ZHENG and Jie Teng, Petitioners,

v.

### Michael B. MUKASEY, Attorney General, Respondent.

No. 05–73213.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed April 28, 2008.

Yongbing Zhang, Esq., Wang, Leonard & Condon, Chicago, IL, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Carl H. McIntyre, Jr., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**692**

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

Xin Wen Zheng and her husband Jie Teng, natives and citizens of China, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's ("IJ") decision denying Zheng's claim for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir.2006), and we grant the petition for review.

Substantial evidence does not support the IJ's adverse credibility determination because, as the government concedes, it was based upon minor inconsistencies incidental to Zheng's claim that she was persecuted on account of her religion. *See id* at 1108. Because there has been no ruling on the facts with Zheng's testimony accepted as credible, we remand for the agency to redetermine her eligibility for asylum, withholding of removal, and protection under CAT. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

We also remand for the agency to redetermine Jie Teng's eligibility for asylum as a derivative beneficiary of his wife's application.

**PETITION FOR REVIEW GRANTED; REMANDED.**

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.